[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11485

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES CARROLL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 3:15-cr-00012-TCB-RDC-1

_____

Before JILL PRYOR, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Charles Carroll, a federal prisoner proceeding pro se, appeals following the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). We review a district court's determination about a defendant's eligibility for a sentence reduction under § 3582(c) de novo. *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021). We review a district court's ruling on an eligible defendant's motion for compassionate release for an abuse of discretion. *Id.*

The government moves for summary affirmance of the district court's order. Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Under 18 U.S.C. § 3582(c)(1)(A), a district court may reduce a prisoner's term of imprisonment "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that" (as relevant here) "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The applicable Sentencing Commission policy

statement is set out in U.S. Sentencing Guidelines § 1B1.13. *Bryant*, 996 F.3d at 1248. The application notes to § 1B1.13 establish four categories of circumstances in which "extraordinary and compelling reasons" for a sentence reduction exist: (1) qualifying medical conditions, (2) advanced age, (3) family circumstances, and (4) other circumstances determined by the Director of the Bureau of Prisons to be extraordinary and compelling. U.S.S.G. § 1B1.13 cmt. n.1. Under the policy statement, a defendant's medical conditions qualify as "extraordinary and compelling reasons" for his release if he is suffering from (1) a terminal illness, or (2) a serious physical or medical condition, functional or cognitive impairment, or deteriorating health due to aging, which "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* cmt. n.1(A).

To grant a motion for compassionate release under § 3582(c)(1)(A), a district court must first find that all three of the statutory prerequisites for relief are met: extraordinary and compelling reasons justifying release, consistency with § 1B1.13, and support in the § 3553(a) sentencing factors. *United States v. Tinker*, ___ F.4th ___, 2021 WL 4434621 at *2 (11th Cir. Sept. 28, 2021). Because all three conditions are necessary, "the absence of even one would foreclose a sentence reduction." *Id.*

In his motion, Carroll asserted that he was at risk of complications from COVID-19 due to his hypertension and history of

asthma.[1]  The district court found that Carroll had not shown an extraordinary and compelling reason for early release within the meaning of § 3582(c)(1)(A) and the applicable policy statement because he presented "no medical evidence that the conditions are so serious or advanced that a reduction in sentence is warranted." And indeed, aside from checking a box next to the policy statement language, Carroll's motion and the accompanying medical records said nothing about whether either condition was serious, or even whether he still suffers from asthma—although he indicated in his motion that he required an inhaler, the medical records he submitted in the district court showed that he was not taking any prescription medication.

In any event, Carroll has not shown that his medical conditions are so debilitating that they "substantially diminish" his ability "to provide self-care" in prison, or that he has any medical condition that is not manageable in prison.  The district court therefore did not err in concluding that Carroll had not shown an extraordinary and compelling reason for his release within the meaning of § 1B1.13.  *See United States v. Giron*, ___ F.4th ___, 2021 WL 4771621, at *2 (11th Cir. Oct. 13, 2021) (district court did not err in finding defendant ineligible for compassionate release where his

---

[1] Carroll submitted more recent medical records, which he contends show that he has a new heart condition, to this Court with his response to the government's motion for summary affirmance.  But "we must decline to consider the merits of issues based on new evidence furnished for the first time on appeal." *Smith v. United States*, 343 F.2d 539, 541 (5th Cir. 1965).

high cholesterol, hypertension, and coronary artery disease were manageable in prison).  And because Carroll failed to demonstrate an extraordinary and compelling reason for his release, "one of the necessary conditions for granting compassionate release was absent; therefore, compassionate release was foreclosed."  *Id.* at*5; see *Tinker*, 2021 WL 4434621, at *2.

We conclude that the government's position on appeal is "clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," and we therefore **GRANT** the government's motion for summary affirmance.  *See Groendyke Transp., Inc.*, 406 F.2d at 1162.  The government's motion to stay the briefing schedule is **DENIED** as moot.

**AFFIRMED.**